MILLER, Judge.
Defendant Southern Farm Bureau Casualty Insurance Company appeals the judgment which awarded funeral expenses and penalties to plaintiffs Moise Brasseaux, individually and as administrator of the Succession of Lola Mae Oge, and as qualified natural tutor of his five minor children. We reverse.
Brasseaux carried a public liability insurance policy with Farm Bureau covering bodily injury liability of $5,000.00 for each person and $10,000.00 for each accident. The policy also provided medical payment coverage including funeral expenses up to $2,000.00 for each person.
Mrs. Brasseaux was killed in an automobile accident caused by Brasseaux’s negligence. Her medical and funeral expenses totaled $2,000.00. Within two months of the accident the 13th Judicial District Court approved a settlement between Farm Bureau and Moise Brasseaux, individually, and for and on behalf of Mr. Brasseaux and his five minor children. The policy was stated to cover Brasseaux’s automobile as of the date of the accident and was identified as affording “coverage in the amount of $5,000.00 to any one person and $10,000.00 for two or more persons, commonly known as a five-ten thousand dollar public liability insurance policy.” The joint petition sought approval of a compromise settlement whereby Farm Bureau would be “discharged, acquitted and 'relieved from any and all liability and claims of other nature whatsoever arising out of the alleged accidental death of LOLA MAE OGE . . . ” upon payment, to Brasseaux for the use and benefit of his five minor children, of the sum of $9,000.-00, together with costs of the settlement proceedings. Tr. 31.
The judgment provided that upon payment of $9,000.00 ($1,800 to each of five minor children) together with costs of the proceedings, that Farm Bureau “is hereby completely and forever discharged, acquitted and relieved from any and all further liability or responsibility in connection with the death of LOLA MAE OGE and from any and all claims of whatsoever nature.” Tr. 37, 8. On the same day judgment was signed, Brasseaux, individually and as natural tutor of his five minor children, signed an instrument acknowledging receipt of $9,000 and stating that he “does hereby and by these presents release, relinquish, acquit and forever discharge SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY from any and all claims, whatsoever for personal injuries and death of LOLA MAE OGEE BRASSEAUX, all in accordance and in full satisfaction of the foregoing judgment approving. the compromise settlement and agreement reached this date.” Tr. 39.
One and one-half years later Brasseaux filed this suit on his own behalf. At the trial some fifteen months later, Brasseaux amended the pleadings to add as parties *589 plaintiff himself, as administrator of his wife’s succession, and as tutor of his five minor children.
Brasseaux urges that the settlement and release was limited to Farm Bureau’s liability coverage and did not extend to Farm Bureau’s medical payment coverage. The trial court agreed and awarded the $2,000 in funeral expenses together with penalties and attorney’s fees.
We find manifest error and reverse. The court approved settlement and release signed by Brasseaux individually and as tutor of his five minor children released Farm Bureau from all claims for personal injuries and death of Mrs. Bras-seaux. This release acquits Farm Bureau of liability under its medical payments coverage as well as under its liability coverage.
Brasseaux contends that this is a suit to recover under contract, whereas the settlement was concerned with a tort claim. Brasseaux also contends that this suit is brought by Brasseaux “as administrator of his wife’s succession” and not for himself or for and on behalf of the children.
The court approved settlement identified Farm Bureau’s policy of insurance as covering Brasseaux’s liability for the death of his wife on the date of the accident and referred to it as a policy “commonly known as a five-ten thousand dollar public liability insurance policy.” The settlement application, judgment and release discharged the entirety 'of Farm Bureau’s contractual liability resulting from Brasseaux’s negligence. In Gunter v. Lord, 242 La. 943, 140 So.2d 11 at IS (1962), liability coverages were held to be contractual obligations.
The parties plaintiff in this suit were parties to the settlement, except insofar as Brasseaux is claiming as administrator of his wife’s succession. There is no suggestion that Mrs. Brasseaux left heirs or beneficiaries other than the surviving husband and children who have expressly released Farm Bureau from all claims related to Mrs. Brasseaux’s death. Plaintiffs have failed to show prejudice by the court approved settlement and discharge.
The trial court judgment is reversed and set aside. Costs at trial and on appeal are assessed to plaintiffs appellees.
Reversed and rendered.